Colleen HAYES, Appellant,

v.

Lee M. THOMAS *, Administrator of the Environmental Protection Agency, Appellee.

No. 87–1996.

United States Court of Appeals, Eighth Circuit.

Submitted March 18, 1988.

Decided July 14, 1988.

---

* Lee M. Thomas, Administrator of the Environmental Protection Agency, is the proper party defendant and has been substituted for Morris Kay, by stipulation filed in the United States District Court for the Western District of Missouri.

Dennis E. Egan, Kansas City, Mo., for appellant.

Judith M. Strong, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before McMILLIAN, WOLLMAN and BEAM, Circuit Judges.

McMILLIAN, Circuit Judge.

Colleen Hayes appeals from a final judgment entered in the District Court [1] for the Western District of Missouri in favor of the Environmental Protection Agency (EPA) on her claim of sex discrimination. For reversal, Hayes argues that the district court's determination that she was not discriminated against on the basis of her sex is clearly erroneous. For the reasons discussed below, we affirm the judgment of the district court.

Hayes was employed by the EPA from September 1972 until March 1982. In October 1979 the EPA posted two new positions for permanent, part-time writer-editors in the Office of External Affairs.[2] The EPA listed as essential qualifications for the positions, an education in journalism, creative

---

1. The Honorable John W. Oliver, United States Senior District Judge for the Western District of Missouri.

2. The positions were part of a newly-created Correspondence Center in the Office of External

Affairs designed to respond to correspondence from the public or from Congress directed to the regional office.

writing or in other directly related fields and ability to meet and deal with various types of people. The desirable qualifications listed the ability to develop material to meet informational needs, general understanding of scientific terminology, and flexibility of writing and editing style ... to meet the needs of varying audiences. The positions were not to exceed thirty-two hours per week.

Hayes applied for the new positions and was the only qualified internal applicant. Nonetheless, EPA requested additional applicants from the Office of Personnel Management. Pursuant to EPA's request the Office of Personnel Management sent the names of eight additional candidates. In December 1979 EPA did not select Hayes for either of the two positions but rather selected a female attorney and a male journalism graduate with teaching and editing experience. In March 1982 Hayes retired from EPA on a disability retirement.

On January 25, 1985, Hayes instituted this action charging that her non-selection was due to sex discrimination or retaliation for previously filed complaints with the Equal Employment Opportunity Office (EEOC) in violation of Title VII, 42 U.S.C. § 2000e *et seq.* or both. Trial was had and the district court held that EPA had advanced legitimate, non-discriminatory reasons for its employment decision and that Hayes had failed to prove that those reasons were pretextual or lacking in credibility. *Hayes v. Thomas,* No. 85–0103–CV–W–1 (W.D.Mo. June 11, 1987). The district court thus rejected Hayes' claim for relief. This appeal followed.

▪▪▪▪ Hayes argues that the district court's findings are clearly erroneous because the EPA's business reason for not promoting her was absent support in the record and that she was as well qualified as the male selectee.[3] We disagree.

The central issue on appeal is whether Hayes met her burden of showing that EPA's asserted business reason for not selecting her for the position of writer-editor was a pretext for sex discrimination. The district court correctly found that Hayes established a prima facie case under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed. 2d 668 (1973). She is a member of a protected group under Title VII, applied for and was qualified for the position and was rejected. Further, the district court found EPA met its burden of articulating a non-discriminatory reason for denying Hayes' application. *See Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 254–55, 101 S.Ct. 1089, 1094, 67 L.Ed. 2d 207 (1981). EPA explained that during the selection process Hayes failed to provide a required and appropriate writing sample and did not respond to a question regarding her ability to accept a part-time position. Additionally, the two selectees exceeded Hayes "in their ability to meet and deal with people." The burden then shifted back to Hayes to prove that EPA's business reason for not selecting her was pretextual. *Id.* at 256, 101 S.Ct. at 1095. After reviewing all the evidence, the district court found that Hayes failed to demonstrate pretext and that EPA had not discriminated against her on the basis of her sex. We agree.

The ultimate issue of fact in cases such as this is whether the employer intentionally discriminated against the employee. *United States Postal Service v. Aikens,* 460 U.S. 711, 714–15, 103 S.Ct. 1478, 1481, 75 L.Ed.2d 403 (1982). We cannot reverse the district court's factual determination unless we conclude it is clearly erroneous. *See* Fed.R.Civ.P. 52(a). A finding of fact is clearly erroneous when "although there is evidence to support it the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84

---

**3.** Although Hayes raised below a claim alleging retaliation based on her EEOC activity the district court found in favor of EPA noting the absence of a causal connection between the activity and the selecting officials knowledge of Hayes' participation in EEOC activities. We construe Hayes to challenge this finding on appeal but agree that the district court correctly found that such a basis of recovery was absent support on the record.

L.Ed.2d 518 (1985) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)); *see also Danzl v. North St. Paul–Maplewood–Oakdale Independent School District No. 622,* 706 F.2d 813 (8th Cir. 1983). "We are not free to reverse the district court simply because ... we would have weighed the evidence differently or disagree as to where it preponderates." *Bennett v. Hot Springs County Sheriff's Department,* 838 F.2d 291, 293 (8th Cir. 1988) (citing *Anderson v. City of Bessemer City,* supra). Further, Rule 52(a) demands great deference when findings are based on determinations regarding the credibility of witnesses. *Anderson v. City of Bessemer City,* 470 U.S. at 575, 105 S.Ct. at 1512.

Having carefully reviewed the record under these standards, we conclude that the district court's finding that Hayes failed to prove that EPA's non-selection constituted sex discrimination is not clearly erroneous. The evidence shows Hayes failed to fully comply with EPA's requests for information during the selection process. All candidates interviewed were asked to provide a writing sample in the form of a letter answering a hypothetical environmental question from a member of the public. The candidates were to formulate the hypothetical question, research the question and write a reply in letter form. Unlike Hayes both selectees provided the requested writing sample in the form requested. Hayes, however, had submitted various articles in response to the request; all non-related to the hypothetical. Moreover, Hayes did not respond to a question concerning hours worked per week. All questions asked were required to facilitate the hiring decision. Last, the selecting officials found the two selectees exceeded Hayes in the essential job requirement concerning the ability to meet and deal with various groups of people. Hayes failed to show that the reasons proffered by EPA were a pretext for discrimination. To sustain Hayes position we would have to find that EPA's decision was not supported by the record. The record shows to the contrary. We thus hold that the finding reached below is not clearly erroneous.

Accordingly, the judgment of the district court is affirmed.